**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **SHANE HIXON** and **PHILIP OXLEY,** on behalf of themselves and others similarly situated, | : : : : |
| Plaintiffs, | : CASE NO. 2:20-cv-3361 : : JUDGE |
| v. | : : MAGISTRATE JUDGE |
| **MPW Industrial Services, Inc.,** c/o Catherine Jopling 9711 Lancaster Rd. Hebron, OH 43025 | : : **JURY DEMAND ENDORSED** : **HEREON** : : |
| Defendant. | : |

**PLAINTIFFS' COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Now come Plaintiffs, Shane Hixon ("Named Plaintiff Hixon" or "Plaintiff Hixon" or "Hixon") and Philip Oxley ("Named Plaintiff Oxley" or "Plaintiff Oxley" or "Oxley") (collectively herein as "Named Plaintiffs" or "Plaintiffs"), by and through undersigned counsel, individually and on behalf of other members of the general public similarly situated, for Collective and Class Action Complaint against Defendant, MPW Industrial Services, Inc. ("Defendant" or "MPW") for its failure to pay employees overtime wages and seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03 ("the Ohio Wage Act"); the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15; and Ohio's Recordkeeping laws, Ohio Rev. Code §§ 4111.08, 4111.14(G) & (H), and Article II, Section 34a of the Ohio Constitution ("Ohio's Recordkeeping laws") (the Ohio Wage Act, the OPPA, and Ohio's Recordkeeping laws will be referred to collectively as "the Ohio Acts"). Named Plaintiffs' FLSA claims are asserted as a collective action

pursuant to 29 U.S.C. § 216(b), while the Ohio Acts claims are asserted as a class action under Rule 23. The following collective and class action allegations are based on personal knowledge as to the Named Plaintiffs' own conduct and are made on information and belief as to the acts of others. Named Plaintiffs, individually and on behalf of others similarly situated, hereby state as follows:

## I.  JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the FLSA, 29 U.S.C. § 216(b).

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, as a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Ohio, Defendant conducted substantial business in the Southern District of Ohio, and Defendant's principal place of business is located in the Southern District of Ohio at 9711 Lancaster Road SE, Hebron, Ohio 43025.

## II.  PARTIES

### A. Named Plaintiff Hixon

4. Named Plaintiff Hixon is an individual, United States citizen, and resident of this judicial district.

5.  Hixon worked as an hourly, non-exempt "employee" of Defendant as defined in the FLSA and the Ohio Acts primarily in the position of technician/supervisor in or around the year 2016 until December 2018.

6.  At all times relevant, Hixon primarily performed non-exempt duties for Defendant and was paid on an hourly basis.

7.  Hixon's Consent to Join form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A.**

### B. Named Plaintiff Oxley

8.  Named Plaintiff Oxley is an individual, United States citizen, and resident of this judicial district.

9.  Oxley has worked as an hourly, non-exempt "employee" of Defendant as defined in the FLSA and the Ohio Acts in the position of technician beginning in or around February 2020 and continuing through June 2020.

10. At all times relevant, Oxley primarily performed non-exempt duties for Defendant and was paid on an hourly basis.

11. Oxley's Consent to Join form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A**.

### C. Defendant

12. At all times relevant, Defendant is a corporation for profit authorized to do business in Ohio, Defendant conducts business in this judicial district, and Defendant maintains its principal place of business in the Southern District of Ohio.

13. Defendant performs industrial cleaning, water treatment, facility management, environmental management, and container management services in Ohio and throughout the United States of America.[1]

14. Defendant accomplishes these services by basing its primary business operations in the Southern District of Ohio at 9711 Lancaster Road SE, Hebron, Ohio 43025.

15. At all times relevant, Defendant was an "employer" as that term is defined by the FLSA and the Ohio Acts due to its employment of Named Plaintiffs and those similarly situated as described herein.

16. At all relevant times, Defendant has had direct or indirect control and authority over matters governing the essential terms and conditions of employment for Plaintiffs and other similarly situated employees. At all relevant times, Defendant exercised that authority and control over Plaintiffs and other similarly situated employees.

17. At all relevant times, Defendant has had the authority to hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records.

18. During relevant times, Defendant maintained control, oversight, and direction over Named Plaintiffs and other similarly-situated hourly employees, including the promulgation and enforcement of policies affecting the payment of wages, including overtime compensation.

19. Upon information and belief, Defendant applies or causes to be applied substantially the same employment policies, practices, and procedures to all employees at all of its locations, including policies, practices and procedures relating to the payment of wages, overtime, and timekeeping.

---

[1] *See* https://www.mpwservices.com/about-mpw/ (last viewed 6/23/20).

20. At all relevant times, Defendant suffered or permitted Plaintiffs and other similarly situated employees to work. The work that Plaintiffs and other similarly situated employees performed was for Defendant's benefit.

21. Upon information and belief, Defendant operates and controls an enterprises and employs employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

22. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and the laws of the State of Ohio.

### III. FACTS

23. Named Plaintiffs and those similarly situated worked as hourly, non-exempt employees for Defendant.

24. Named Plaintiffs and those similarly situated held job titles which included, but are not limited to, technician[2], operator, laborer, mechanic, supervisor, and crew leader (collectively referred to as "field technicians").

25. Regardless of the job title, Named Plaintiffs and those similarly situated field technicians were paid on an hourly basis and were non-exempt employees of Defendant.

---

[2] Technician includes, but is not limited to, Night Shift Technician, Water Technician, Site Technician, Field Service Technician, Industrial Water Blaster, and General Labor Technician, *see* https://www.mpwservices.com/career-portal/ (last viewed 6/23/20).

26. Defendant required Named Plaintiffs and those similarly situated field technicians to report to work prior to the scheduled start of their shifts to complete pre-shift duties. For example, Named Plaintiffs and those similarly situated were required to don personal protective equipment ("PPE"); retrieve hoses, clamps, and other equipment for the day's work; load and strap down equipment on the vehicle; and review and complete paperwork for the day's job.

27. With respect to pre-shift duties, Defendant maintained a policy or practice where it did not begin compensating field technicians until after their pre-shift duties were completed even though such duties were integral and indispensable to their job duties. If the field technicians reported to Defendant's facility to complete the pre-shift duties, they were not compensated until they were in the vehicle and ready to leave for the job site. If the field technicians reported directly to the job site, they were not compensated until they finished their pre-shift duties.

28. These pre-shift duties were integral and indispensable to the principal job duties of Named Plaintiffs and those similarly situated field technicians. The pre-shift duties constitute Named Plaintiffs and those similarly situated field technicians first principal activity each day.

29. Named Plaintiffs and those similarly situated field technicians were not paid for the time spent completing their pre-shift duties.

30. With respect to post-shift duties, Defendant maintained a policy or practice where it did not compensate field technicians for integral and indispensable post-shift duties. If the field technicians traveled to Defendant's facility after they completed their work, they were not compensated for any work performed after the vehicle arrived at the facility. If the field technicians did not travel back to Defendant's facility at the end of the day, they were not compensated for any of the post-shift duties.

31. Named Plaintiffs and those similarly situated post-shift duties include, but are not limited to, inspecting the vehicle for damage, filling the vehicle with gas, cleaning the vehicle, and unloading the equipment from the vehicle.

32. These post-shift duties were integral and indispensable to the principal job duties of Named Plaintiffs and those similarly situated field technicians. The post-shift duties constitute Named Plaintiffs and those similarly situated field technicians last principal activity each day.

33. Named Plaintiffs and those similarly situated field technicians were not paid for the time spent completing their post-shift duties.

34. Named Plaintiffs and those similarly situated regularly worked in excess of forty (40) hours in a workweek.

35. Defendant's supervisors log the field technicians time worked. Named Plaintiffs and those similarly situated were only compensated for the time submitted by the supervisors.

36. Defendant instructed its supervisors to exclude all time spent performing pre- and post-shift duties.

37. Named Plaintiffs and those similarly situated were only compensated for the time submitted by the supervisor, not their actual time worked.

38. Named Plaintiffs and those similarly situated regularly worked more than forty (40) hours per workweek, or they would have worked more than forty (40) hours per workweek if all of their compensable time was logged, but they were not paid one and one-half times their regular rate of pay for all hours worked over forty (40) as a result of Defendant's policy or practice to not compensate them for pre- and post-shift duties.

39. Defendant's failure to compensate Named Plaintiffs and those similarly situated as set forth above resulted in unpaid overtime.

40. Defendant's polices and/or practices of not compensating field technicians for pre- and post-shift work, apply to all of its hourly, non-exempt technicians.

41. This unpaid work performed by Named Plaintiffs and other similarly situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

42. Moreover, this unpaid work was an integral and indispensable part of other principal activities performed by Named Plaintiffs and other similarly-situated employees as they cannot perform their work without performing their pre- and post-shift duties.

43. At all times relevant herein, Named Plaintiffs and those similarly situated were employees as defined in the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 §34a.

44. Defendant is and has been an "employer" as that term is defined by the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 §34a.

45. Defendant knowingly and willfully failed to pay Named Plaintiffs and other similarly-situated employees for time spent working before and after their scheduled shifts as described herein.

46. As a result of Defendant's common policy and/or practice described above, Named Plaintiffs and other similarly situated employees have not been paid for all hours worked, resulting in overtime damages in one or more workweeks when they worked at least 40 hours during their employment.

47. Upon information and belief, for the three years preceding the initial Complaint, Defendant applied the same pay practices and policies to all hourly, non-exempt field technicians, including Named Plaintiffs.

**A. 216(b) Collective Action for Unpaid Overtime Wages.**

48. Named Plaintiffs bring Count One of the action on their own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly-situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

49. The class which Named Plaintiffs seek to represent and for whom Named Plaintiffs seek the right to send "opt-in" notices for purposes of the collective action, and of which Named Plaintiffs themselves are members, is composed of and defined as follows:

> All current and former hourly, non-exempt field technicians[3] of Defendant who worked at least 40 hours in any workweek during the three years preceding the filing of this Complaint and continuing through the final disposition of this case ("FLSA Collective" or "FLSA Collective Members").

50. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Named Plaintiffs, numerous current and former field technicians are similarly situated with regard to their wages and claims for unpaid overtime wages and damages. Named Plaintiffs are representative of those other field technicians and are acting on behalf of their interests, as well as their own, in bringing this action.

51. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

---

[3] This term is defined above in ¶ 24.

**B. Fed.R.Civ. P. 23 Class Action for Unpaid Overtime Wages.**

52. Named Plaintiffs bring their Ohio Wage Act claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of themselves and all other members of the following class:

> All Ohio current and former hourly, non-exempt field technicians[4] of Defendant who worked at least 40 hours in any workweek during the two years preceding the filing of this Complaint and continuing through the final disposition of this case (the "Rule 23 Class" or the "Rule 23 Class Members").

53. The Rule 23 Class includes all field technicians employed by Defendant who worked in the State of Ohio during the relevant time period above.

54. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

55. Named Plaintiffs are each members of the Rule 23 Class and their claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

56. Named Plaintiffs will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

57. Named Plaintiffs have no interests that are antagonistic to or in conflict with those interests of the Rule 23 Class that they have undertaken to represent.

58. Named Plaintiffs have retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

59. Questions of law and fact are common to the Rule 23 Class.

60. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt field technicians.

---

[4] This term is defined above in ¶ 24.

61. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiffs and the Rule 23 Class as a whole.

62. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

63. Questions of law and fact that are common to the Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to pay the Rule 23 Class for pre- and/or post-shift work performed; (b) whether Defendant kept accurate records of the amount of time the Rule 23 Class was working each day; (c) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (d) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Named Plaintiffs and other members of the Rule 23 Class on account of Defendant's violations of the Ohio Wage Act; (e) whether the unpaid and/or withheld compensation remained unpaid in violation of the OPPA; and (f) what amount of prejudgment interest is due to Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

64. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiffs' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Named Plaintiffs and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein. Because the damages sustained by individual members may be modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate

their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## IV. CAUSES OF ACTION

### COUNT I
### (29 U.S.C. § 207 - FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME)

65. All of the preceding paragraphs are realleged as if fully rewritten herein.

66. This claim is brought as part of a collective action by the Named Plaintiffs on behalf of themselves and the FLSA Collective Members against Defendant.

67. Defendant's practice and policy of not paying Named Plaintiffs and the FLSA Collective for integral and indispensable pre- and post-shift work performed each day violated the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

68. Further, Defendant's practice and policy of not paying Named Plaintiffs and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked violates the FLSA.

69. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Named Plaintiffs and the FLSA Collective violated the FLSA, 29 CFR 516.2(a)(7).

70. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

71. As a result of Defendant's practices and policies, Named Plaintiffs and the FLSA Collective have been damaged in that they have not received wages due to them pursuant to the FLSA.

72. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiffs and the FLSA Collective Members is unknown at

this time, as many of the records necessary to make such calculations are in the possession of Defendant and/or were not kept by Defendant.

73. Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves, and the FLSA Collective.

## COUNT II
## (O.R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME)

74. All of the preceding paragraphs are realleged as if fully rewritten herein.

75. This claim is brought under the Ohio Acts.

76. Named Plaintiffs and the Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under the Ohio Acts.

77. The Ohio Acts requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

78. While employed by Defendant, Named Plaintiffs and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but they were not fully paid overtime wages for all such hours spent working as outlined above.

79. As a result of Defendant's company-wide corporate policies, it failed to pay Named Plaintiffs and the Rule 23 Class Members all overtime wages earned resulting in unpaid overtime.

80. Named Plaintiffs and the Rule 23 Class were not exempt from the wage protections of the Ohio Acts.

81. Defendant's repeated, knowing failure to pay overtime wages to the Named Plaintiffs and the Rule 23 Class Members were violations of O.R.C. §4111.03, and as such, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiffs and the Rule 23 Class Members are entitled.

82. For Defendant's violations of O.R.C. §4111.03, Named Plaintiffs and the Rule 23 Class Members have suffered and continue to suffer damages. Named Plaintiffs seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the Rule 23 Class Members.

## COUNT III
### (O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION)

83. All of the preceding paragraphs are realleged as if fully rewritten herein.

84. Named Plaintiffs and the Rule 23 Class Members have been employed by Defendant.

85. During relevant times, Defendant was an entity covered by the OPPA and Named Plaintiffs and the Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

86. The OPPA requires that the Defendant pay Named Plaintiffs and the Rule 23 Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

87. During relevant times, Named Plaintiffs and the Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rates of pay, within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

88. Named Plaintiffs and the Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

89. In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## COUNT FOUR
### (VIOLATIONS OF RECORDKEEPING LAWS)

90. All of the preceding paragraphs are realleged as if fully rewritten herein.

91. Ohio Rev. Code §§ 4111.08, 4111.14(G) & (H), and Article II, Section 34a of the Ohio Constitution require employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See also*, 29 C.F.R. §§ 516.2 *et seq*.

92. During times material to this complaint, Defendant was a covered employer, and required to comply with the Ohio's Recordkeeping laws.

93. Named Plaintiffs and the Rule 23 Class Members were covered employees entitled to the protection of Ohio's Recordkeeping laws.

94. During times material to this complaint, Defendant violated Ohio's Recordkeeping laws with respect to Named Plaintiffs and the Rule 23 Class Members by failing to properly maintain accurate records of all hours Named Plaintiffs and the Rule 23 Class Members worked each workday and within each workweek.

95. In violating Ohio's Recordkeeping laws, Defendant acted willfully and with reckless disregard of clearly applicable recordkeeping provisions.

V. **PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiffs request judgment against Defendant and for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C. Certifying the proposed Rule 23 Class under the Ohio Acts;

D. Finding that Defendant has failed to keep accurate records in accordance with the FLSA and the Ohio Acts, Named Plaintiffs, the FLSA Collective, and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E. A declaratory judgment that Defendant's wage and hour policies and/or practices as alleged herein violate the FLSA;

F. An order for injunctive relief ordering Defendant to end all of the illegal wage policy and practice alleged herein pursuant to the FLSA and attendant regulations and requiring Defendant to follow such laws going forward;

G. Judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiffs and the FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

H. Judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiffs, the FLSA Collective, and all other similarly situated employees during the applicable statutory period under the FLSA and continuing through trial;

I. Awarding to Named Plaintiffs and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the Ohio Acts;

J. Awarding to Named Plaintiffs and the Rule 23 Class Members Awarding liquidated damages pursuant to the OPPA in the greater amount of $200 per violation or six percent (6%) of all unpaid overtime compensation owed to the Plaintiffs and the Rule 23 Class Members during the applicable statutory period;

K. Awarding Named Plaintiffs, the FLSA Collective, and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

L. Issuing an injunction prohibiting Defendant from engaging in present, ongoing and future violations of the Ohio Acts;

M. Directing Defendant to pay reasonable attorney's fees and all costs connected with this action;

N. Leave to add additional plaintiffs;

O. Judgment for all civil penalties to which Named Plaintiffs and all other similarly situated employees may be entitled; and

P. Such other and further relief as to this Court may deem necessary, just or proper.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*Attorney for Named Plaintiffs and those similarly situated*

## JURY DEMAND

Plaintiffs request a trial by a jury of eight (8) persons.

>*/s/ Matthew J.P. Coffman*
>Matthew J.P. Coffman