## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **SHANE HIXON, *et al.*,** on behalf of themselves and others similarly situated, | : : : | **CASE NO. 2:20-cv-3361** |
| Plaintiffs, | : : | **JUDGE SARAH D. MORRISON** |
| v. | : : : | **CHIEF MAGISTRATE JUDGE ELIZABETH A. PRESTON DEAVERS** |
| **MPW INDUSTRIAL SERVICES, INC.,** | : : | **AMENDED JOINT MOTION FOR APPROVAL OF FLSA COLLECTIVE** |
| Defendant. | : : : | **ACTION SETTLEMENT AND BRIEF IN SUPPORT** |

Representative Plaintiffs Shane Hixon ("Hixon") and Philip Oxley ("Oxley", and together with Hixon, "Representative Plaintiffs") and Defendant MPW Industrial Services, Inc. ("Defendant or MPW") (collectively, the "Parties") respectfully move this Court for an Order approving their Fair Labor Standards Act ("FLSA") settlement. The settlement was reached by experienced wage and hour counsel during arms-length, good faith negotiations with the assistance of a private mediator.

This Amended Joint Motion For Approval Of FLSA Collective Action Settlement and Brief In Support is intended to replace in its entirety the Joint Motion For Approval Of FLSA Collective Action Settlement and Brief in Support [ECF No. 32] filed by the Parties on February 24, 2021. After the original filing on February 24th, MPW discovered that compensation information not relevant to the claims of Representative Plaintiffs and workers similarly situated to Representative Plaintiffs was included in the compensation records it provided to Plaintiffs' Counsel. These compensation records were used by the consultant to Plaintiffs' Counsel to

1

perform the damages analysis and due to the inclusion of irrelevant compensation information, the calculation of individual settlement payments was incorrect. With the individual settlement payments recalculated using the corrected compensation information, the Representative Plaintiffs and other similarly situated field technicians will be eligible for an award proportional to the total damages of the intended collective for a three-year statute of limitations.

The following documents are submitted for the Court's approval:

Exhibit 1: Collective Action Settlement Agreement and Release, as amended (the "Agreement")[1], with the following Exhibits:

Exhibit A: Claim Form and Release;

Exhibit B: Notice of Settlement of Collective Action Lawsuit; and

Exhibit C: Individual Settlement Awards;

Exhibit 2: Declaration of Matthew J.P. Coffman; and

Exhibit 3: Proposed Stipulated Order Granting Amended Joint Motion for Approval of Collective Action Settlement and Dismissal With Prejudice.

**MEMORANDUM IN SUPPORT**

## I.      FACTUAL AND PROCEDURAL BACKGROUND.

A.      Summary of the Claims and Procedural History.

On July 2, 2020, Representative Plaintiffs filed this case (the "Lawsuit" or the "Action") against MPW on behalf of themselves and other similarly situated current and former field technicians.  (Coffman Decl. ¶ 9; ECF No. 1).

---

[1]  Unless otherwise noted, all capitalized words and phrases used throughout this motion and brief shall have the same meaning as set forth in the Collective Action Settlement Agreement and Release.

2

In the Action, Representative Plaintiffs allege that MPW failed to pay field technicians overtime for all hours worked in excess of 40 in a workweek in violation of the Fair Labor Standards Act, § 201 *et seq.* ("FLSA").  Specifically, Representative Plaintiffs allege that MPW violated the FLSA by failing to pay field technicians employees for certain pre-shift work, post-shift work, and travel time.  (Coffman Decl. ¶ 10; ECF No. 1 at ¶¶ 26-38).  MPW denies these allegations and asserts that it properly paid its field technicians, including Representative Plaintiffs, for all hours worked.

On September 25, 2020, the Parties filed a Joint Motion to Stay Proceedings and Cancel or Continue the Preliminary Pretrial Conference because they agreed to mediate this dispute with a private mediator in November 2020.  (ECF No. 14).  The Court granted the Parties' Motion and ordered that they file a joint status report on or before December 1, 2020.  (ECF No. 15).

The Parties mediated this case with Michael N. Ungar on November 3, 2020.  Prior to the mediation, MPW provided time and compensation records for Representative Plaintiffs and other field technicians that Plaintiffs contend are similarly situated.  Plaintiffs' Counsel, with the assistance of its consultant, a Ph. D. level economist, performed a damages analysis using this information.  After several hours, the Parties left the mediation at an impasse.  (Coffman Decl. ¶ 11-13).

The Parties filed a Joint Status Report on December 1, 2020, requesting that the Court provide them additional time to determine if a resolution could be reached between the Parties. (ECF No. 25). The Court granted the Parties' request and extended the stay through January 15, 2021. (ECF No. 26). The Parties ultimately reached a settlement on January 5, 2021. (Coffman Decl. ¶ 14).

In addition to the Representative Plaintiffs, the following individuals have joined the case to date: Devontea Giles, Juwan Gibbs,[2] James Rosenkrantz,[3] LaCora Benn,[4] Jamal Simpson,[5] Samaad Stewart,[6] JuCoby Grace,[7] Courtney Davis,[8] Samuel Alvey,[9] Derrick Pace,[10] and Sanders Williams[11] (collectively "Opt-In Plaintiffs").

    C.    <u>Summary of the Key Settlement Terms</u>.

The total settlement amount is $495,000.00. This amount includes: (a) all individual settlement payments to 2,486 Eligible Settlement Participants[12] which includes Representative Plaintiffs and all Opt-In Plaintiffs; (b) service awards of $5,000 each to Representative Plaintiffs for their services in bringing and prosecuting this Action (for which they will provide Defendant a global release of any potential claims); (c) Plaintiffs' Counsel's attorney fees and litigation expenses; and (d) the cost of settlement administration. (Coffman Decl. ¶ 16).

A Notice of Settlement and Claim Form (attached to the Agreement) will be sent to the Eligible Settlement Participants. Eligible Settlement Participants who timely return their Claim

---

[2] Both Giles and Gibbs are filed at ECF No. 16-1.
[3] ECF No. 17-1.
[4] ECF No. 18-1.
[5] ECF No. 19-1.
[6] ECF No. 20-1.
[7] ECF No. 21-1.
[8] ECF No. 22-1.
[9] ECF No. 23-1.
[10] ECF No. 24-1.
[11] ECF No. 27-1.
[12] Eligible Settlement Participants will receive a settlement payment if they submit a timely Claim Form as outlined in the Collective Action Settlement Agreement and Release. Representative Plaintiffs and all Opt-In Plaintiffs are not required to submit a Claim Form to receive their payments.

4

Form will become Claimants,[13] and Claimants will receive a settlement payment. Only those Eligible Settlement Participants that join the settlement will be bound by the Agreement. Those that do not retain the right to pursue their own claims. (Coffman Decl. ¶ 19).

Total damages for the collective were calculated by adding 5 minutes of unpaid time to each Eligible Settlement Participants' workday. Thus, total unpaid overtime for the collective was determined to be $393,365.80 for a three-year period and $271,130.10 for a two-year period. This amount of time was settled upon as reasonable as a result of information learned during the mediation, settlement discussions, and the informal discovery process. Each Eligible Settlement Participant will be awarded an amount proportional to the total damages for a three-year statute of limitations. This type of allocation is commonly used in class and collective action settlements. (Coffman Decl. ¶ 20).

In exchange for the total settlement amount payment and other consideration provided for in the Agreement, this Lawsuit will be dismissed with prejudice, and the Claimants (including the Representative Plaintiffs and Opt-In Plaintiffs) will release Defendant from federal, state, and local wage-and-hour claims, rights, demands, liabilities and causes of action that were asserted, or could have been asserted, in the Lawsuit. (Coffman Decl. ¶ 22).

## II.     PROPRIETY OF APPROVAL OF THE SETTLEMENT.

The Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA. Court approval is warranted on all scores.

### A.     The Seven-Factor Standard is Satisfied.

---

[13] Representative Plaintiffs and Opt-In Plaintiffs are Claimants and are not required to submit a Claim Form.

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 216(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Ents., Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Gov't*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008). The Sixth Circuit uses seven factors to evaluate class action settlements, which are:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992); *Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir. 1983)), *Crawford*, 2008 WL 4724499 at *3.

The settlement in this Action satisfies each of these elements.

1.    *No Indicia of Fraud or Collusion Exists.*

There is no indicia of fraud or collusion, and "[c]ourts presume the absence of fraud or collusion unless there is evidence to the contrary." *Bailey v. Black Tie Mgmt. Co. LLC*, No. 2:19-cv-1677, 2020 U.S. Dist. LEXIS 144274, at *6 (S.D. Ohio Aug. 12, 2020) (quoting *IUE-CWA v.*

*Gen. Motors Corp.*, 238 F.R.D. 583, 598 (E.D. Mich. 2006)).  The Agreement was achieved only after arm's-length and good faith negotiations between the Parties, with the assistance of a neutral mediator.  (Coffman Decl. ¶ 23).  As such, there is no indicia of fraud or collusion, and this factor favors approval of the settlement.

          2.     *The Complexity, Expense and Likely Duration of Continued Litigation Favor Approval.*

The policy favoring the settlement of collective actions and other complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. *See, Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, at *8 (S.D. Ohio Aug. 17, 2018) ("[m]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them") (citations omitted).

If this Action had not settled, the Parties would be required to engage in costly litigation, such as briefing on conditional certification, formal written discovery, depositions, dispositive motions, trial, and potential appeals.  The Settlement, on the other hand, provides substantial relief to the Eligible Settlement Participants promptly and efficiently, and amplifies the benefits of that relief through the economies of class resolution. (Coffman Decl. ¶ 29).

          3.     *Investigation Was Sufficient to Allow the Parties to Act Intelligently.*

The Parties engaged in substantial investigation and analysis prior to negotiating the Settlement. Specifically, Defendant produced all necessary payroll and timekeeping information for the Eligible Settlement Participants.  Plaintiffs' Counsel engaged the services of a Ph. D

economist to build a damages model which was instrumental in guiding the Parties' negotiations. (Coffman Decl. ¶ 11-12).

In addition, the Parties assessed their potential risk of loss. Thus, the legal and factual issues in the case were thoroughly researched by counsel for the Parties, and all aspects of the dispute are well-understood by both sides.

4. *The Risks of Litigation Favor Approval*.

The settlement represents a compromise of disputed claims. Specifically, Representative Plaintiffs allege that they and other field employees were not compensated for all pre-shift work, post-shift work, and travel time. On the other hand, Defendant claims that it has fully compensated its employees for all time worked. (Coffman Decl. ¶ 10, 25).

The Parties also disagree about whether the two-year limitations period for non-willful violations or three-year limitations period for willful violations applies, whether liquidated damages are appropriate, and whether the claims alleged can proceed collectively. (Coffman Decl. ¶ 25).

Accordingly, if this Action had not settled, it is possible that there would be no recovery for the Eligible Settlement Participants at all.

5. *The Opinion of Plaintiffs' Counsel Favor Approval*.

Plaintiffs' Counsel is highly experienced in wage-and-hour collective and class actions. At all times, they have acted in good faith and have vigorously representative the interests of the Eligible Settlement Participants, which include Representative Plaintiffs and Opt-In Plaintiffs. Importantly, Plaintiffs' Counsel opined that the settlement is fair, reasonable, adequate, and in the best interests of Plaintiffs, Opt-In Plaintiffs, and Eligible Settlement Participants (Coffman Decl.

8

¶ 15, 25). "The recommendation of Class Counsel, skilled in class actions and corporate matters, that the Court should approve the Settlement is entitled to deference." *Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, at *11 (S.D. Ohio Aug. 17, 2018). Accordingly, this factor favors approval of the settlement.

6.      *The Reaction of Absent Class Members*.

If the Court approves the settlement, the Eligible Settlement Participants will receive a Notice of Settlement and Claim Form. They will be given the option to join the settlement. Only those Eligible Settlement Participants that join the settlement will be bound by the Agreement. Those that do not join the settlement will retain the right to pursue their own claims. (Coffman Decl. ¶ 19).

7.      *The Public Interest*.

"Public policy generally favors settlement of class action lawsuits." *Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, at *13 (S.D. Ohio Aug. 17, 2018) (quoting *Hainey v. Parrott*, 617 F. Supp.2d 668, 679 (S.D. Ohio 2007)). Like in *Wright*, "the settlement confers immediate benefits on the Eligible Settlement Participants, avoids the risks and expense in further litigation, and conserves judicial resources." *Id.* Thus, as in *Wright*, the Court should find that this factor supports approval of the Settlement.

B.      <u>The Settlement Distributions Are Fair, Reasonable and Adequate</u>.

In addition to evaluating the seven factors discussed above, the Court must also "ensure that the distribution of the settlement proceeds is equitable." *Feiertag v. DDP Holdings, LLC*, No. 14-CV-2643, 2016 U.S. Dist. LEXIS 122297, at *18 (S.D. Ohio Sep. 9, 2016) (citations omitted).

9

1.      *The Individual Payments are Reasonable and Adequate.*

As part of their pre-mediation evaluation, Plaintiffs' Counsel retained an economist to analyze the class data provided by Defendant's counsel. Damages were calculated by adding five minutes to every day worked by every Eligible Settlement Participant. This amount of time was settled upon as reasonable based on the information learned during mediation, settlement discussions, and informal discovery.

The Gross Settlement Fund equals approximately 126% of three years of unpaid wages. And, the Net Settlement Fund equals approximately 107% of calculated of unpaid overtime for a two-year period. (Coffman Decl. ¶ 21). This recovery is not just fair and reasonable, it is exceptional. *See*, *Shane Group Inc. v. Blue Cross Blue Shield of Michigan*, Case No. 19-2260, 2021 U.S. App. LEXIS 983, (6th Cir., Jan. 14, 2021) (holding that 32% of alleged damages was a substantial recovery for the class).

All individual payments will be calculated proportionally. (Coffman Decl. ¶ 20). As such, each Eligible Settlement Participant will have the opportunity to obtain compensation for alleged unpaid wages that are proportional to the amount of time he or she was employed by Defendant and the amount of hours he or she worked each week within the period of time covered by the settlement.

2.      *Representative Plaintiff's Service Award is Proper and Reasonable.*

The Agreement provides for service awards of $5,000 each to Representative Plaintiffs, in addition to their individual payments. (Coffman Decl. ¶ 17).  Courts routinely approve service awards to named plaintiffs in class and collective action litigation, because service awards "are efficacious ways of encouraging members of a class to become class representatives and rewarding

10

individual efforts taken on behalf of the class." *Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 U.S. Dist. LEXIS 207645, at *21 (S.D. Ohio Dec. 3, 2019) (quoting *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003)). *See also*, *Shane Group, Inc.*, 2021 U.S. App. LEXIS 983 at *3. Service awards are meant to "compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Id.* (quoting *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 U.S. Dist. LEXIS 20446, at *7 (N.D. Ohio Mar. 8, 2010)).

Here, the Representative Plaintiffs contributed significant time, effort, and detailed factual information enabling Plaintiffs' Counsel to evaluate the strength of this case and reach a settlement of this matter. In addition, Representative Plaintiffs have agreed to execute a global release of all of their claims against Defendant in exchange for their service payments. (Coffman Decl. ¶ 17).

   3.   *The Attorney Fees to Plaintiff's' Counsel Are Proper and Reasonable.*

After the Court has confirmed that the terms of settlement are fair to the Eligible Settlement Participants, it may review the Agreement as to the provision of fees and litigation expenses to Plaintiffs' Counsel.

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). In *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir.1994), *cert. denied*, 513 U.S. 875 (1994), the Sixth Circuit held that the FLSA's mandatory attorney fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley*, 19 F.3d at 1134 (quoting *United Slate, Tile*

11

*& Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir.1984)).

The Agreement provides a payment of attorneys' fees to Plaintiffs' Counsel in the amount of one-third of the total settlement amount, or $165,000. A one-third fee award is "typical for attorney's fees in common fund, FLSA collective actions in this District…" *Herbert v. Chesapeake Operating, Inc.*, Case No. 2:17-cv-852, 2019 U.S. Dist. LEXIS 160792 at *8 (S.D. Ohio Sept. 20, 2019) (J. Morrison). This "is a normal fee amount in a wage and hour case." *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 U.S. Dist. LEXIS 204371, *13 (S.D. Ohio Nov. 25, 2019) (citing *Carr v. Bob Evans Farms, Inc.*, No. l:17-cv-1875, 2018 U.S. Dist. LEXIS 228221 (N.D. Ohio July 27, 2018)); *see, also, Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 U.S. Dist. LEXIS 207645, *15 (S.D. Ohio Dec. 3, 2019) (approving an award of 33 1/3% of a settlement fund in a wage and hour case); *Call v. CTA Pizza, Inc.*, No. 2:18-cv-00696, 2019 U.S. Dist. LEXIS 181325, *12 (S.D. Ohio Oct. 21, 2019) (same); *Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019 U.S. Dist. LEXIS 65657, *16 (N.D. Ohio Mar. 26, 2019) (same); *Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, *21 (S.D. Ohio Aug. 17, 2018) (same); *Osman v. Grube, Inc.*, No. 3:16-cv-00802, 2018 U.S. Dist. LEXIS 78222, *6 (N.D. Ohio May 4, 2018) (same); *Rotuna v. W. Customer Mgmt. Grp., LLC*, No. 4:09CV1608, 2010 U.S. Dist. LEXIS 58912, *22 (N.D. Ohio June 15, 2010) (same).

Plaintiffs' Counsel accepted this case on a contingent fee basis and advanced all litigation fees, costs and expenses. Thus, Plaintiffs' Counsel "assumed a real risk in taking on this case, preparing to invest time, effort, and money over a period of years with no guarantee of recovery.

This factor weighs in favor of approving the requested fee award." *Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 U.S. Dist. LEXIS 207645, at *19 (S.D. Ohio Dec. 3, 2019).

Finally, courts in this district acknowledge that "wage and hour class and collective actions, such as this, are inherently complex and time-consuming." *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 U.S. Dist. LEXIS 204371, at *10 (S.D. Ohio Nov. 25, 2019). Given the inherent complexity of a wage and hour collective action and the disputed issues of fact and law in this case, an award of one-third of the settlement fund appropriately compensates Plaintiff's counsel for their prosecution of this case, and advances the public's interests in rewarding attorneys who bring wage and hour cases. *See, e.g., Gentrup v. Renovo Servs., LLC*, No. 1:07CV430, 2011 U.S. Dist. LEXIS 67887, at *14 (S.D. Ohio June 24, 2011) ("society has a stake in rewarding the efforts of the attorneys who bring wage and hour cases, as these are frequently complex matters.").

4.    *The Court Should Authorize Reimbursement to Plaintiffs' Counsel of Their Out-of-Pocket Expenses Incurred In This Case.*

Plaintiffs' Counsel should also be reimbursed their litigation expenses, which as of the date of this Amended Joint Motion are $8,925.25.

"Under the common fund doctrine, Class Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement." *Brandenburg*, 2019 U.S. Dist. LEXIS 204371 at *20. In fact, "[e]xpense awards are customary when litigants have created a common settlement fund for the benefit of a class." *Id.* Because Plaintiffs' Counsel's litigation expenses were incurred in the prosecution of the claims in this case and in obtaining settlement, the Court should award reimbursement of these expenses to Plaintiffs' Counsel.

13

III.    **CONCLUSION.**

The Parties submit that this settlement is a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action. Accordingly, the Parties request that this Court: (1) enter the proposed Order Granting Amended Joint Motion for Approval of Collective Action Settlement and Dismissal with Prejudice; (2) approve Plaintiffs' Counsel's request for attorney fees and expenses; (3) approve the requested service payments; and (4) retain jurisdiction to enforce the settlement if necessary.

Respectfully submitted,

| | |
|---|---|
| /s/ *Matthew J.P. Coffman* | /s/ *Steven E. Seasly* |
| Matthew J.P. Coffman (0085586) | Steven E. Seasly (0070536) |
| Adam C. Gedling (0085256) | sseasly@hahnlaw.com |
| mcoffman@mcoffmanlegal.com | Andrew J. Wolf (0091054) |
| COFFMAN LEGAL, LLC | awolf@hahnlaw.com |
| 1550 Old Henderson Road, Suite 126 | Ann E. Knuth (0061566) |
| Columbus, Ohio 43220 | aknuth@hahnlaw.com |
| Phone: 614.949.1181 | HAHN LOESER & PARKS LLP |
| Fax: 614.386.9964 | 200 Public Square, Suite 2800 |
| | Cleveland, Ohio 44114-2316 |
| | Phone: 216.621.0150 |
| Hans A. Nilges, Esq. (0076017) | Fax: 216.241.2824 |
| hans@ohlaborlaw.com | |
| NILGES DRAHER LLC | *Attorneys for Defendant* |
| 7266 Portage Street, N.W., Suite D | *MPW Industrial Services, Inc.* |
| Massillon, Ohio 44646 | |
| Phone: 330.470.4428 | |
| Fax: 330.754.1430 | |
| | |
| *Attorneys for Plaintiffs and those similarly* | |
| *situated* | |

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of April 2021, a true and accurate copy of the

forgoing was filed electronically. Notice of this filing will be sent to all parties by operation of

the Court's electronic filing system. Parties may access this filing through the Court's system.

<u>/s/ *Matthew J.P. Coffman*</u>
Matthew J.P. Coffman

12635256.2