IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHANE HIXON, *et al.*, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MPW INDUSTRIAL SERVICES, INC.,<br><br>Defendant. | CASE NO. 2:20-cv-3361<br><br>JUDGE SARAH D. MORRISON<br><br>MAGISTRATE JUDGE PRESTON DEAVERS<br><br>**STIPULATED ORDER GRANTING AMENDED JOINT MOTION FOR APPROVAL OF COLLECTIVE ACTION SETTLEMENT AND DISMISSAL WITH PREJUDICE** |

This matter is before the Court on the Parties' Amended Joint Motion for Approval of Collective Action Settlement ("Amended Joint Motion") pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). (ECF No. 37.) The Amended Joint Motion asks the Court to approve as fair and reasonable, the proposed settlement (the "Settlement") reached by the Parties and memorialized in the Collective Action Settlement Agreement and Release, as amended (the "Agreement"), which is attached to the Amended Joint Motion as **Exhibit 1**. (ECF No. 37-1.) Unless otherwise defined, all terms used in this Order have the same meanings as defined in the Agreement.

Having reviewed the Amended Joint Motion and its exhibits, the Agreement, the supporting Declaration, and the pleadings and papers on file in this action, and for good cause established therein, the Court enters this Stipulated Order of Dismissal and Approving Settlement, and in doing so, the Court approves the Agreement, the proposed Notice, the proposed Claim and Release form, the proposed allocation and calculation of Settlement Awards (as that term is defined

1

in the Agreement), the proposed Service Awards to Representative Plaintiffs, and Plaintiffs' Counsel's attorneys' fees and litigation expenses as follows:

1. On July 2, 2020, Representative Plaintiff filed this lawsuit.

2. On September 8, 2020, Defendant filed its Answer.

3. As of the date of this Order, 11 Opt-In Plaintiffs submitted Consent to Join forms, all of which have been filed with the Court.

4. On November 3, 2020, the Parties engaged in an all-day mediation session under the direction of mediator Michael N. Ungar. After several hours, the Parties ended the mediation at an impasse.

5. The Parties continued settlement discussions over the weeks that followed the mediation and reached a settlement on January 5, 2021.

6. The total settlement amount is $495,000. That amount does not include the required employer contributions with respect to any portions of the settlement payments or Service Award payment treated as wages under IRS Form W-2.

7. The settlement will cover approximately 2,486 Eligible Settlement Participants (as that term is defined in the Agreement), including Representative Plaintiffs and the Opt-In Plaintiffs.

8. The Court approves and authorizes the distribution of the Notice (that is attached to the Agreement) to the Eligible Settlement Participants in the manner, and subject to the terms and conditions set forth in the Agreement and the following corrections:

    i. Paragraph 8, found in ECF No. 37-1 at PageID 212, shall be corrected to clearly state the method used for reaching the Settlement Awards and to be consistent with the Motion and the Agreement;

      ii.      Paragraph 10, found in ECF No. 37-1 at PageID 212, shall be corrected to state 90 days to conform to the Agreement;

      iii.      Paragraph 12, found in ECF No. 37-1 at PageID 212, shall be corrected to include Coffman Legal, LLC to conform to the Claim Form and Release, found in ECF No. 37-1 at PageID 208;

      iv.      Paragraph 13, found in ECF No. 37-1 at PageID 213, shall be amended to state that the attorney's fees will be deducted from the gross settlement amount;

9. The Court approves and authorizes the distribution of the Claim and Release form (that is attached to the Agreement) to Eligible Settlement Participants in the manner, and subject to the terms and conditions set forth in the Agreement, and the following correction:

      i.      The Claim Form and Release, found in ECF No. 37-1 at PageID 208, shall be edited to replace "February ____, 2021" with the correct date.

10. The Court approves the process outlined in the Agreement by which Eligible Settlement Participants become Claimants (as that term is defined in the Agreement) that are entitled to a settlement payment. The Representative Plaintiffs and the Opt-In Plaintiffs do not need to submit a Claim Form to become Claimants.

11. The Agreement provides that, in consideration of payment of the Settlement Award to the Representative Plaintiffs and the Claimants, the action is to be dismissed with prejudice.

12. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arm's-length negotiations between experienced counsel after substantial investigation and a mediation before a competent third-party neutral.

13. The Court has considered all relevant facts, including the risk, complexity, expense and likely duration of the litigation; the extent of investigation; the amount offered in the settlement; and the experience and views of counsel for the Parties.

14. The Court finds that the total settlement amount of $495,000 is fair and reasonable.

15. The Court finds that the proposed allocation and calculation of payments of the Settlement Award (as defined in the Agreement) is fair and reasonable, and subject to the terms and conditions, set forth in the Agreement.

16. The Court approves the payment of attorneys' fees and litigation costs to Plaintiffs' Counsel as provided in the Amended Joint Motion, and orders that such payments be distributed in the manner, and subject to the terms and conditions set forth in the Settlement Agreement. The amount requested is typical for attorney's fees awarded in common fund, FLSA collective actions in this District.

17. The Court approves the payment of the additional Service Payments to the Representative Plaintiffs, and orders that such Service Payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

18. The Court dismisses the claims of the Representative Plaintiffs and the Claimants with prejudice, and enters final judgment dismissing them from the action. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Stipulated Order of Dismissal and Approving Settlement immediately.

19. The Court retains jurisdiction over the action to enforce the terms of the Settlement, including the administration of the settlement, the addition of Eligible Settlement Participants and the distribution process.

**SO ORDERED:**

Date: 5-11-21

*[signature]*

Sarah D. Morrison
United States District Judge